*J. Schwartz,* for appellant.

---

The State, on the Relation of Farnham, *v.* Willis and Others.

Sheriff.—*Execution.*—*Levy.*—A sheriff, holding an execution for five hundred and fifty dollars against the property generally of two persons, levied it in good faith on certain real estate worth over sixteen hundred dollars, there being an incumbrance of one hundred dollars thereon, the title in fee to an undivided one-half thereof being in one of the execution-defendants, and the equitable title to the other half being in him also, it being held in trust for him. There had been a sale of the land for taxes, but the sale was in-

regular and void, and there was no reasonable doubt concerning the title. When first called on, the execution-defendants did not designate any property to be levied upon, but before a levy was made they designated this real estate, they having at the time, subject to execution, also other real estate worth ten thousand dollars, and a large amount of personal property, upon which latter the plaintiff had directed the sheriff to levy. The sheriff failed to sell the land for want of bidders.

*Held,* that the sheriff and his sureties were not liable to suit on his official bond, for failing to levy on the personal property as directed.

APPEAL from the Steuben Circuit Court.

FRAZER, J.—A sheriff holding an execution for about five hundred and fifty dollars against the property generally of two persons, levied it, in good faith, on real estate worth over fifteen hundred dollars above a small incumbrance, of one hundred dollars, the title in fee in an undivided half thereof and the equitable title to the other half being in one of the execution-defendants and held in trust for him. This property was designated for levy by the execution-defendants, who had, at the same time, other real estate worth ten thousand dollars, and also a large amount of personal property, subject to the execution, upon which latter the plaintiff had directed the sheriff to levy. There had been an irregular and void sale of this land for taxes. The sheriff failed to sell the land for want of bidders. The question before us is, whether the sheriff and his sureties were liable to suit upon his bond, for failing to levy on the personal property, as directed.

The levy seems to have been ample, and the statute gives the execution-defendant the right to designate the property, whether real or personal, which shall first be taken, if there be no reasonable doubt of the title; and the case before us does not disclose any foundation for such a doubt. 2 G. & H. 241, sec. 441, *et seq.*

The sale for taxes, obviously void, was not enough to put the title in doubt, nor, indeed, is this pretended. The case is presented here upon the ground, mainly, that the duty of the sheriff, was to allow the plaintiff in the execution to designate the property to be levied upon, inasmuch as the

defendants did not do so when first called upon, though they finally did before a levy was made.  We do not concur in that proposition.

Another proposition, to wit, that the sheriff should not have levied upon incumbered real estate, equally fails to accord with our views.

Other questions are argued, but we do not feel called upon to express an opinion upon them, for the reason that they cannot, in the state of this record, be available to reverse the judgment.  The whole merits of the controversy depend upon the facts specially found by the court.

Affirmed, with costs.

*D. E. Palmer* and *J. A. Woodhull,* for appellant.

*J. J. Best,* and *C. A. O. McClellan,* for appellees.